UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11md2295 JAH(BGS)<br><br>Member cases:<br>   10cv2658 JAH(BGS)<br>   11cv1008 JAH(BGS)<br>   11cv3006 JAH(BGS)<br>   11cv3007 JAH(BGS)<br>   11cv3057 JAH(BGS)<br>   12cv0574 JAH(BGS)<br><br>**THIS DOCUMENT RELATES TO ALL CASES**<br><br>**PRETRIAL ORDER** |

The Court finds the following civil actions, having been originally filed in this Court or transferred to this Court by order of the Judicial Panel on Multi District Litigation ("Member Cases"), merit special attention as complex litigation:

**Southern District of California**

    Allen v. Portfolio Recovery Associates, Inc., 3:10-cv-2658-JAH (BGS)

    Meyer v. Portfolio Recovery Associates, LLC, 3:11-cv-1008-JAH (BGS)

**Middle District of Florida**

    Harvey v. Portfolio Recovery Associates, LLC, 3:11-cv-3006-JAH (BGS)

**Southern District of Florida**

    Suarez v. Portfolio Recovery Associates, LLC, 3:12-cv-0574-JAH (BGS)

**Northern District of Georgia**

<u>Bartlett v. Portfolio Recovery Associates, Inc.</u>, 3:11-cv-3007-JAH (BGS)

**Northern District of Illinois**

<u>Frydman v. Portfolio Recovery Associates, LLC</u>, 3:11-cv-3057-JAH (BGS)

Accordingly, **IT IS HEREBY ORDERED** that:

1.   **Applicability of Order**—The provisions of this Order shall govern the practice and procedure in the Member Cases. This Order also applies to any "tag-along actions" later filed in, removed to, or transferred to this Court without the need for further motions or orders.

2.   **Consolidation**—The Member Cases are consolidated for **pretrial purposes only**. Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Southern District of California, will automatically be consolidated with this action without further motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

3.   **Master Docket**—The Clerk of Court of this District will maintain a master docket under the style "In Re: Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation," and the case number "3:11-md-2295-JAH (BGS)."

When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to."

4.   **Filing**—The Clerk of Court of this District is directed to make all entries on the master docket with a notation listing the case(s) to which the document applies, except that a document closing a case will also be entered on that case's individual docket. All documents shall be filed on the master docket.

1    **5.**     **Docketing**—When an action that properly belongs as a part of In Re: Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation is hereinafter filed in this District or transferred here from another court, the Clerk of Court of this District shall file a copy of this Order on the individual docket for such action and make an appropriate entry on the master docket.

       **SO ORDERED**.

Dated: April 25, 2012

                                             JOHN A. HOUSTON
                                             United States District Judge